ALFRED M. MYERS ET AL. *v.* MICHAEL T.
LONG, JR., ET AL.

SUPERIOR COURT       NEW LONDON COUNTY       FILE NO. 27601

Memorandum filed October 24, 1961

*Greenberg & Hendel,* of New London, for the plaintiffs.

*Schofield, Fay & Courtney,* of Hartford, for the named defendant only.

COTTER, J.   A truck owned by the plaintiff The Hendel Petroleum Company was damaged when it was hit by a car owned and operated by the defendant Long. After the collision the plaintiff Myers arrived at the scene and helped to disengage the truck and the Long car. Thereafter, the defendant Kelly drove the Voyer automobile into the rear of the Long car, pushing in into the plaintiff Myers, who was then standing on a safety island, injuring him. Both plaintiffs join in one cause of action; the plaintiff Myers seeks damages for claimed injuries under the first count, and the plaintiff corporation asks for damages to its truck under the second count. The plaintiffs admit there were two occurrences but claim the damage and injuries arose as a result of both.

The defendant Long interposed a demurrer alleging a misjoinder of causes of action. Under the statute and rules of practice, distinct causes of action may not be joined in one complaint unless they

arise out of the same transaction or transactions connected with the same subject of action and unless they affect all of the parties to the action—even though policy favors litigation of related controversies in a single action. General Statutes § 52-97(7); Practice Book § 35; *Veits* v. *Hartford*, 134 Conn. 428. The remedy for misjoinder of causes is taken by demurrer. Practice Book § 99. These series of events, accidents or torts do not come within the rule set forth in *Goggins* v. *Fawcett*, 145 Conn. 709, 711, where it was held that the acts had "some connection with each other, in which both parties are concerned, and by which the legal relations of the parties have been altered" and that they were "a group of related acts which went to make up one entire course of conduct and constituted a single transaction within the meaning of the statute."

It is further claimed by the plaintiffs that under § 52-97(2) of the General Statutes they can join several causes of action because it is provided therein that a claim of injuries to person and property may be united in the same cause of action. However, that section provides that a plaintiff, in the singular, is permitted to include in his complaint causes of action which pertain to both personal injuries and property damage. Likewise, plaintiffs may only join in one action as plaintiffs when there is a "common question of law or fact." § 52-104. A common question of law or fact is not presented here. It is evident that there were two plaintiffs involved in two different accidents in which more than one question must be litigated.

The demurrer of the defendant Michael T. Long, Jr., is well taken and is sustained.