JOHN R. DeROSA ET AL. *v.* ELIZABETH A. DeROSA (8233)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Argued January 30—decision released June 19, 1990

*Richard H. Lynch,* for the appellant (defendant).

*Emily M. Resnik,* with whom, on the brief, was *John J. Resnik,* for the appellees (plaintiffs).

O'CONNELL, J. The defendant appeals from a judgment of partition by sale of property located at 530 Ferry Avenue in Orange, which she owns as a tenant in common with the plaintiffs. The defendant claims (1) that the trial court should have considered the par-

ties' cotenancy in other property, located at 210 Boston Post Road in Orange, and (2) that the court lacked jurisdiction in the matter because the administrator of the deceased's estate was not a party to the action. We affirm the judgment of the trial court.

The parcel that is the subject of this appeal was purchased in 1954 by Salvatrice DeRosa, the first wife of Luke DeRosa. Upon her death intestate in 1962, a one-third interest passed to Luke, and the remaining two-thirds was divided equally among their three children. Luke married the defendant in 1962 and died intestate on March 7, 1987, survived by the same three children and the defendant. As a result of Luke's death, each of the plaintiffs owned an undivided five-eighteenths interest and the defendant owned an undivided three-eighteenths interest. The children brought this partition action and, because it was obviously impossible physically to divide, i.e., partition in kind, the single-family house and lot, the court ordered partition by sale. The court did so, believing that it did not have the power to consider any property other than that for which the plaintiffs sought partition by sale.

The defendant makes no claim that the Ferry Avenue property can be partitioned in kind. Instead, she contends that before ordering the sale of the property, the court should have taken into consideration that the parties are also cotenants of the property at 210 Boston Post Road. The cotenancy in the Boston Post Road property also resulted from Luke DeRosa's death.[1] Upon his death, his fee descended, one-half to the defendant and one-sixth to each of the plaintiffs. The defendant contends that the value of her interest in the Boston Post Road property exceeds the value of the plaintiffs' interest in the Ferry Avenue property and

---

[1] The 210 Boston Post Road property was used by Luke DeRosa in his plumbing business.

that, if this fact had been taken into consideration, it would have allowed the court to order partition in kind of both properties instead of partition by sale of the Ferry Avenue property.

She points out that the Ferry Avenue property was her home and that as long as Luke lived, the plaintiffs never questioned her right to live there. During the course of the marriage, improvements were made to the house and a mortgage was paid. She complains that the effect of this sale will be to remove her from the home that she has known for more than twenty years, and that this would be inequitable. She further argues that since partition is an equitable action, every effort should be made to keep her in her Ferry Avenue home, and this result can be accomplished by bringing the Boston Post Road property into this action.

Moreover, the defendant argues that partition in kind is favored and that the burden is on the party seeking partition by sale to demonstrate that such sale would better promote the owners' interest. To support this position the defendant relies on *Delfino* v. *Vealencis,* 181 Conn. 533, 436 A.2d 27 (1980); *Coxe* v. *Coxe,* 2 Conn. App. 543, 481 A.2d 86 (1984), and *Filipetti* v. *Filipetti,* 2 Conn. App. 456, 479 A.2d 1229, cert. denied, 194 Conn. 804, 482 A2d 709 (1984). These cases are inapposite. None of them involved a fact situation like the present case in which one property was before the court and a second was not. The Boston Post Road property was never part of this case, and, therefore, the trial court did not err in refusing to consider it. In short, this was an action to partition the Ferry Avenue property, and the trial court was correct in holding that its authority to act was limited to acting on that parcel.

In her second claim of error, the defendant argues that the trial court lacked jurisdiction because the

administrator of Luke's estate was not a party to the action. This is not an issue of jurisdiction but is, rather, a question of nonjoinder of a party. General Statutes § 52-108 and Practice Book § 100 both explicitly provide that nonjoinder of a party does not defeat an action.[2] The exclusive remedy for nonjoinder is a motion to strike. Practice Book § 198;[3] *George* v. *St. Ann's Church,* 182 Conn. 322, 325, 438 A.2d 97 (1980). The defendant did not file a motion to strike and may not raise the issue of nonjoinder for the first time on appeal. We will not review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The pertinent part of General Statutes § 52-108 provides: "An action shall not be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require."

Practice Book § 100 provides in pertinent part:"[N]o action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as it deems the interests of justice require."

[3] Practice Book § 198 provides: "The exclusive remedy for misjoinder of parties is by motion to strike. As set forth in Sec. 152, the exclusive remedy for nonjoinder of parties is by motion to strike."

Practice Book § 152 provides in pertinent part: "Whenever any party wishes to contest . . . the legal sufficiency of any such complaint, counterclaim or cross-complaint, or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleading or part thereof.

"A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action."