[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Rosalie Benny Zanoni, plaintiff, is the devisee of all the real property and a beneficiary of one third of the residue of the estate of Helen A. Benny (hereinafter "the estate"). Additionally, the plaintiff was named executrix of the estate. Patricia Cross named defendant, is also a one-third beneficiary of the estate's residue. Defendant Cross petitioned the Court of Probate District of Newington to remove the plaintiff as executrix.
Pursuant to General Statutes 45z-242(a), the probate court, on march 27, 1991, issued orders removing the plaintiff as executrix and appointing Richard E. Pikor as Administrator de bonis non c.t.a. The plaintiff filed a motion for appeal which the Newington Probate Court allowed. On July 15, 1991, the plaintiff filed reasons for appeal with the Superior Court of the Judicial District of Hartford/New Britain at Hartford. The plaintiff requests the court to reappoint her as executrix and for a declaratory judgment to determine Patricia Cross' status as a beneficiary.
Defendant Administrator Pikor ("defendant") filed an answer and special defenses on August 22, 1991. Plaintiff filed amended reasons for appeal on August 30, 1991, and the defendant filed an amended answer on September 4, 1991. In response, the plaintiff, pro se, filed a motion to strike the defendant's answer and special defenses. Subsequently, the defendant filed an objection to the motion. Defendant Cross is not a party to CT Page 9288 this motion.
When appealing from probate, once the reasons for appeal have been filed, the "pleading shall thereafter follow in analogy to civil actions." Practice Book 194. The function of the motion to strike is to allow a party to contest the legal sufficiency of a pleading. Ferryman v. Groton, 22 Conn. 138,142, 561 A.2d 1185 (1988). If the court finds the facts alleged in the pleading to support a cause of action or defense the motion to strike must be denied. Ferryman v. Groton, supra, 142. "The exclusive remedy for misjoiner of parties is a motion to strike." Practice Book 198; DeRosa v. DeRosa, 22 Conn. App. 114,117 n. 2 575 A.2d 713 (1990). Accordingly the court must decide the issues of subject matter raised in the special defenses. A motion to strike must state with specificity for each claim, the reasons for insufficiency. Practice Book 154; Malerba v. Cessna Aircraft Co., 210 Conn. 189 190, 554 A.2d 287
(1989). Generalized statement by the movant without specification is fatal to a motion to strike. Connecticut State Oil Company v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771
(1979).
A pro se "litigant is bound by the same rules of evidence and procedure as those qualified to practice law." Cersosimo v. Cersosmio, 188 Conn. 384, 394, 449 A.2d 1026 (1982). "Bare assertions without citation to legal authority constitute abandonment of the issue." Dorsey v. Mancuso, 23 Conn. App. 629,633, 583 A.2d 646 (1990).
I. Misjoinder
In support of the motion to strike the plaintiff first claims that the defendant administrator is not a proper party to the appeal, cannot appear adversely to a beneficiary of the estate and should be removed from the action.
Administrators are necessary parties in actions that entail estates and will constructions. City Trust Company v. Bulkley,151 Conn. 598 602 (1964); Seymour v. Attorney General,124 Conn. 490, 500 (1938). The role of the administrator is to protect the estate for the benefit of all with an interest therein. Aksomitas v. Aksomitas, 205 Conn. 93, 99,529 A.2d 1314 (1987).
In this instance the defendant administrator is a necessary party, is not misjoined in this appeal and, therefore, the plaintiff's motion to strike based on misjoinder of parties must be denied.
II. Special Defenses CT Page 9289
The defendant administrator interposed four special defenses to controvert the allegations of the plaintiff. While some defenses must be specially plead, defenses that may normally be dealt with through a denial may be framed as a special defense, through this shifts the burden of proof at trial. Practice Book 164; Atlantic Richfield Company v. Canaan Oil Company, 202 Conn. 234, 520 A.2d 1008 (1987); Googan v. Lynch, 88 Conn. 114 (1914).
A. The First, Second and Fourth Special Defenses
The defendant set forth the following special defenses.
 1. The appealing party, Rosalie Zanoni, is no longer the executrix of the estate and, as such, cannot, in that capacity, file this appeal.
 2. The Reasons for Appeal fails to state a cause of action upon which to form an appeal, and thus the Court has no jurisdiction to maintain the appeal . . .
 4. Insofar as this appeal intends to address the issue of the removal of Rosalie Benny Zanoni as executrix of the Estate of Helen A. Benny, it is improperly brought.
These defenses state that the plaintiff has no standing to bring this appeal.
Plaintiff argues, as to the first and second defenses, that she has a right to appeal and that the court has jurisdiction. As to the fourth special defense, the plaintiff states that she can find no legal precedent or law to refute it, but that the defense is unjustified.
"Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." Fuller v. Planning Zoning Commission, 21 Conn. App. 340,346, 573 A.2d 1222 (1986). Subject matter jurisdiction bust be disposed of no matter in what form presented and the court must fully resolve it before proceeding further with the case. Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216
(1988). Accordingly, the court must decide the issues of subject matter jurisdiction raised in the special defenses.
General Statutes 45a-243(a) states: CT Page 9290
 when any fiduciary has been removed for cause by a court of probate, as provided in section 45-242, the fiduciary may appeal from such order of removal in the manner provided in sections 45a-186 to 45a-193, inclusive. In the event of an appeal from the order of removal taken by the fiduciary who had been removed, the appointment of a successor shall not be stayed by the appeal but shall be a temporary appointment. Such successor fiduciary shall act during the pendency of the appeal and until the appeal is withdrawn or final judgment entered thereon.
The plaintiff has standing and has set forth a legal basis to justify her right to appeal the ruling of the probate court. Also, the fourth special defense is merely a restatement of the first special defense and, therefore, the plaintiff's argument for a motion to strike the first defense is also applicable to the fourth defense. Thus, the plaintiff's motion to strike the first, second and fourth special defenses must be granted.
B. The Third Special Defense
The defendant administrator also alleged the following special defense: "The petitioning party has improperly claimed a declaratory judgment under our Rules of Practice."
The plaintiff claims that this defense is frivolous but cites no legal authority to support that proposition.
Practice Book 390 states that courts:
 will not render declaratory judgments upon the complaint of any person:
 (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or
(d) unless all persons having an interest in CT Page 9291 the subject matter of the complaint are parties to the action or have reasonable notice thereof.
Declaratory judgment may be used to determine who is entitled to proceeds of an estate. Kiszkiel v. Gwiazda, 174 Conn. 176 (1978).
A party may use a declaratory judgment proceeding to determine the distribution of an estate. Further, the plaintiff's motion and memorandum in support consists of bare assertions, generalized statements and lacks legal authority to support her position. Therefore, the plaintiff's motion to strike the defendant's third special defense is without a legal foundation and must be denied.
For the foregoing reasons, the plaintiff's motion to strike the first and second special defenses is granted. The plaintiff's motion to strike the fourth special defense is granted since this defense is merely a reassertion of the first special defense. Finally, the defendant is a proper party to this action and the defendant has sufficiently pleaded a defense as to the third special defense. Therefore, the plaintiff's motion to strike, on these grounds, is denied.
Schaller, J.