[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE, #105
ISSUE
Whether the court should grant the defendant's motion to strike because the six counts of the complaint are misjoined in that there is no plaintiff with an interest in all eight parcels which are the subject of the present tax appeal.
FACTS
The following facts are alleged in the complaint. The present tax appeal involves eight parcels located in the Town of East Hampton, Connecticut. These CT Page 5278 parcels are owned by eight plaintiffs in various combinations of joint and sole ownership.[1] The six counts of the complaint correspond to the six combinations of ownership of the eight parcels.[2] The plaintiffs allege that the valuations made by the assessors of the defendant Town of East Hampton on the eight subject parcels were grossly excessive, disproportionate and unlawful. The plaintiffs further allege that they duly appealed the valuations on their properties to the East Hampton Board of Tax Review (the "Board"), which did not alter the valuations. The plaintiffs also allege that the Board failed to hold or conduct a proper and fair hearing as required by the General Statutes thereby denying the plaintiffs of their right to appeal the valuation of their property.
The defendant now moves to strike the complaint on the ground that the six counts are misjoined.
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading" and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989), citing Practice Book Sec. 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck, 209 Conn. 407, 408,551 A.2d 738 (1988)." Bouchard v. People's Bank, 219 Conn. 465,467, 594 A.2d 1 (1991).
"Whenever any party wishes to contest . . . (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts . . . that party may do so by filing a motion to strike the contested pleading . . . ." Practice Book Sec. 152. "Practice Book Sec. 198 provides: `The exclusive remedy for misjoinder of parties is by motion to strike."' DeRosa v. DeRosa, 22 Conn. App. 114, 117 n. 3,575 A.2d 713 (1990).
The pertinent part of General Statutes Sec.52-108 provides:
 "An action shall not be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the CT Page 5279 interests of justice require."
Id., 117 n. 2; see also Practice Book Sec. 100.
 The granting of a motion to strike [on the ground of misjoinder] invites the losing party to file a new pleading in order to cure the defect . . . . [I]t would permit the plaintiff either to allege facts which might link the misjoined causes of action or to elect which cause of action should remain in the original complaint and which should form the basis of a new complaint.
Ferriera v. Estevam, 2 Conn. L. Rptr. 712, 713 (November 7, 1990, Maloney, J.).
General Statutes Sec. 52-97 provides, in pertinent part, that:
 In any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall be brought to recover, either. . . (7) upon claims, whether in contract or in tort or both, arising out of the same transaction or transactions connected with the same subject of action. These several causes of action so united. . . shall affect all the parties to the action.
Practice Book Sec. 133 contains language virtually identical to that of General Statutes Sec. 52-97.
The defendant argues that because the present action concerns eight tax appeals regarding eight different parcels owned by eight different owners, the plaintiffs are misjoined because each tax appeal does not affect all of the plaintiffs.[3]
The plaintiffs argue that courts favor the policy of litigating related claims in one action. Veits v. Hartford, 134 Conn. 428, 432, 58 A.2d 389 (1948). The plaintiffs also notes the factual similarity of the present case with the facts of President and Fellows of Harvard College CT Page 5280 v. Ledyard, 32 Conn. Sup. 139, 343 A.2d 649 (Ct. Com. Pl. 1975). In Harvard, the plaintiff brought a tax appeal in five counts involving four parcels of land owned by the plaintiff. Id., 140-41. The court held that the five counts were not misjoined because "[t]hey arose out of a single occurrence, the action of the board of tax review in the valuation of the plaintiff's properties for taxation . . . ." Id., 149.
Mueller v. Board of Tax Review,5 Conn. L. Rptr. 204 (October 28, 1991, Susco, J.), is also factually similar. In Mueller, the court held that a tax appeal involving separate counts corresponding to separate but contiguous parcels owned by the plaintiffs were not misjoined because "they arose out of a single occurrence, the action of the board of tax review . . . [with regard to] the valuation of the plaintiff[s]' properties. . ." Id., 205, quoting President and Fellows of Harvard College v. Ledyard, supra, 149.
The facts of the Harvard and Mueller cases are easily distinguishable, however, from the facts of the present case because every plaintiff in the Harvard and Mueller cases had an interest in every parcel involved. In order for the valuation of separate parcels to be considered a single transaction for the purpose of joinder there must be at least one plaintiff with an interest in every parcel involved. Otherwise, all of the causes of action stated in the complaint would not affect all of the parties. General Statutes Sec. 52-97 (7) and Practice Book Sec. 133(7).
The present case involves eight parcels owned by six combinations of owners. No individual has an ownership right in all of the properties involved in the present case.[4] Accordingly, the facts of the present case, as alleged in the complaint, fail to satisfy General Statutes Sec. 52-97 (7) and Practice Book Sec. 133(7).
CONCLUSION
The court grants the defendant's motion to strike because the six counts in the complaint are misjoined in that there is no plaintiff with an interest in all eight subject parcels.
AUSTIN, J.
ENDNOTES