[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#134)
The plaintiffs, James Ostrowski and Theodore Ostrowski, as CT Page 7586 individuals and on behalf of the shareholders of Avery Abrasives, Inc. ("the corporation"), bring this shareholder derivative action and allege that the defendants, who are employees of the corporation, usurped business opportunities which properly belonged to the corporation. The plaintiffs allege that the defendants' competitive activities were disclosed to the corporation's directors, who failed to take action against the defendants. On June 24, 1993, the defendants, Craig Avery and Michael Passaro, filed a motion for summary judgment (#134) on the ground that the plaintiffs cannot bring a shareholder derivative action because they failed to join the corporation, and thus failed to join "a necessary and indispensable party" to the action.
Practice Book 198 provides that "the exclusive remedy for nonjoinder of parties is by motion to strike." W.G. Glenney Co. v. Bianco, 27 Conn. App. 199, 202, 604 A.2d 1345 (1992). "This exclusive remedy applies to nonjoinder of indispensable parties." George v. St. Ann's Church, 182 Conn. 322, 325,438 A.2d 97 (1980). "Nonjoinder of a party is not a jurisdictional issue because General Statutes 52-108 and Practice Book 100 both explicitly provide that nonjoinder does not defeat an action." W.G. Glenney Co. v. Bianco, supra, 202, quoting DeRosa v. DeRosa, 22 Conn. App. 114, 117, 575 A.2d 713 (1990).
The defendants argue that they must raise their nonjoinder claim by way of a motion for summary judgment because the pleadings are closed. While it is possible to use a motion for summary judgment to test the legal sufficiency of a complaint after the pleadings are closed; Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971); there is no authority for using a motion for summary judgment to contest the nonjoinder of an indispensable party.
The defendants' motion for summary judgment is denied.
BALLEN, JUDGE