[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs have filed a motion to strike the counterclaim of the defendant Bleiman on the grounds that: (1) the counterclaim is not properly joined to the complaint in this action because it involves a different parcel of land, different issues and different defendants; (2) necessary parties are missing who have an interest in the land involved in the counterclaim but not the land involved in the complaint; and (3) the allegations of the counterclaim are legally insufficient because they do not allege the essential elements for an easement by prescription under section 47-37 of the General Statutes.
With a motion to strike the factual allegations of the pleading are admitted and if facts admissible under it support a cause of action the motion to strike must be denied. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 109.
While the counterclaim does not allege use of the roadway for a sufficient period of time for a prescriptive easement, it alleges interference with rights to use the roadway which the defendants arguably had without an easement. The court cannot inquire into the facts of the case on a motion to strike. The third ground of the motion fails for these reasons.
A claim of nonjoinder of necessary parties can be made by a motion to strike under 152(3) of the Practice Book. George v. St. Ann's Church, 182 Conn. 322, 325; Practice Book 198. However, in order for the motion to be granted it must be shown that the presence of the absent person is absolutely required to CT Page 7620 issue a fair and equitable trial, and if the court can proceed to judgment and do complete and final justice between the existing parties to the action, the absent person is not a necessary party. Biro v. Hill, 214 Conn. 1, 5, 6; Sturman v. Socha, 191 Conn. 1, 6, 7. The motion to strike does not contain sufficient information as required by 152(3) of the Practice Book for the court to conclude that the persons referred to in the motion are necessary parties to the counterclaim.
Moreover, both 100 of the Practice Book and 52-108 of the General Statutes provide that nonjoinder of a party does not defeat an action. DeRosa v. DeRosa, 22 Conn. App. 114, 117. Sections 85 and 99 of the Practice Book and 52-102 and 52-107
of the General Statutes allow the court to join as a party any person who has an interest in the controversy or who is necessary for a complete determination of any question involved in it. If the judgment will affect the title or interest of any person the court must direct the person to be joined as a party. Practice Book 99. It is not apparent from the pleadings whether any absent person fits in this category and a factual determination of the issue cannot be done on a motion to strike, since the court must take the facts alleged in the counterclaim and construe them in the manner most favorable to sustaining its legal sufficiency. Sassone v. Lepore, 226 Conn. 773, 780. Any parties with an interest in the counterclaim can be joined after an evidentiary hearing.
The counterclaim contains facts which suggest that the land involved in it abuts the land involved in the complaint or at least that it abuts the plaintiffs' property. The court cannot unravel the property interests of the parties from the allegations in the pleadings, but even though there may be two different parcels or roadways involved, they appear to be related or abutting, or at least the parties have an interest in both of them. Joinder of closely related claims is allowed if it serves the interest of judicial economy. Jackson v. Conland,171 Conn. 161, 166-67. Northwestern Electric, Inc. v. Rozbicki,6 Conn. App. 417, 426-27. Even though separate parcels of land are involved, and the complaint and counterclaim do not request the same relief, they are sufficiently related on the face of the pleadings to be heard together. If necessary the court can order them severed for purposes of trial.
The motion to strike is denied on all grounds stated. CT Page 7621
ROBERT A. FULLER, JUDGE