[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (NO. 102)
I
The present action concerns the allegedly wrongful conduct of the defendant car dealership, its employees, agents and/or CT Page 14091 servants (collectively, the defendant), in refusing to return the automobiles, keys and other various property owned by three plaintiffs. Though the three plaintiffs were at the defendant's premises at different times, they have joined in one action. They allege nearly identical conduct and also assert the same five causes of action. The defendant has moved to strike the complaint in its entirety on grounds of misjoinder of causes of action. The defendant's motion must be denied, because the events alleged by the plaintiffs evince a course of conduct by the defendant sufficient to constitute a "series of transactions". Further, the claims of the plaintiffs present common questions of law and fact.
 II
The plaintiffs, Diane Hatfield, Tracy Lisee and Brian Mendez, commenced this action by filing a complaint in fifteen counts against the named defendant, Antonino Pontiac-Buick-GMC Truck, Inc., and three of its employees. The complaint alleges that the three plaintiffs went to the defendant's establishment at different times to inquire about buying a car.
Hatfield alleges that in order to induce her to purchase a Chevy S-10 vehicle, she was allowed its temporary use by the defendant for two days, while the defendant retained her 1986 Sunbird vehicle, its keys and certificate of title. Hatfield alleges that she returned the Chevy S-10 vehicle to the defendant on the date agreed and requested the return of her vehicle, its keys and title, but that the defendant claimed that it now owned the vehicle, and refused numerous requests for the return of her property.
The complaint further alleges that Hatfield was forced to summon a tow truck to the premises to remove her stranded vehicle, and that it was only upon arrival of the tow truck that the defendant returned her car keys. The certificate of title, which had never been signed by Hatfield, has not been returned to her.
Mendez alleges in Count II that he went to the defendant's premises to look at automobiles, that the defendant requested the opportunity to inspect the vehicle Mendez had intended to "trade-in" if a sale were consummated, and that he gave the keys to his vehicle to the defendant to permit said inspection. Mendez further alleges that a sale was not consummated and that he CT Page 14092 requested the return of his keys, but that the defendant refused his repeated requests, claiming that it now owned Mendez' vehicle. Mendez alleges that he was only able to obtain possession of his keys by physically forcing his way into the office where they were kept.
Lisee alleges in Count III of the complaint that she inquired about the purchase of a new car and also intended to "trade-in" her vehicle should a sale be consummated, that the defendant requested a two-hundred dollar deposit, and the opportunity to inspect her 1986 Nissan Sentra vehicle. The plaintiff gave the defendant her check and her keys. Lisee alleges that she repeatedly requested the return of her vehicle, keys and funds, but that the defendant refused, and that she was forced to yell and scream to obtain the return of her vehicle and keys, and that she had to stop payment on the check.
In the remaining twelve counts of the complaint, the three plaintiffs allege separate but identical claims of conversion, negligent infliction of emotional distress, intentional infliction of emotional distress and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Hatfield also claims an unlawful detention by the defendant of her certificate of title.
The defendant filed the present motion to strike the plaintiffs' complaint in its entirety on grounds of misjoinder. The plaintiffs filed their objection to the motion. The parties have submitted memoranda of law in support of their respective positions.
 III
"The sole remedy for misjoinder of causes of action is by [motion to strike]." Crowell v. Palmer, 134 Conn. 502, 513
(1948). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion. . . . [and unspecified grounds can] not furnish a basis for [granting the motion]." Merideth v. Police Commission, 182 Conn. 138, 140-41
(1980). "[A] trial court must take the facts to be those alleged in the complaint. . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348 (1990). These facts "[do] not include, however, [any] legal conclusions or opinions stated in the complaint." S.M.S. Textile v. Brown, Jacobson, Tillinghast,CT Page 14093Lahan King, P.C., 32 Conn. App. 786, 796 (1993). "[The court is to construe] the facts alleged in the complaint in a light most favorable to the pleader. RK Constructors, Inc. v. Fusco Corp.,
supra, 231 Conn. 384.
The defendant seeks to strike the plaintiffs' complaint in its entirety. Therefore, if any of the claims made by the plaintiffs can be properly joined together in one action, the defendant's motion must be denied. Doyle v. A P Realty,36 Conn. Sup. 126, 127 (1980).
Practice Book § 84 reads in pertinent part:
Joinder of Parties-Joinder of Plaintiffs
 All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise; provided, if, upon motion of any party, it would appear that such joinder would embarrass or delay the trial of the action, the court may order separate trials, or make such other order as may be expedient . . . ."
The defendant relies solely on the case of Meyers v. Long,23 Conn. Sup. 93 (1961), which states that "distinct causes of action may not be joined in one complaint unless they arise out of the same transaction or transactions connected with the same subject of action and unless they affect all of the parties to the action." Id., 93-94. In Meyers, the court held that the two plaintiffs had improperly joined two distinct and separate claims into one action. Id., 94. In Meyers, the vehicle operated by plaintiff #1 was struck by the vehicle driven by defendant #1, then plaintiff #2 stopped his vehicle and was rendering assistance, at which time defendant #2 drove his vehicle into defendant #1's vehicle, which caused the vehicle to jump the curb and strike plaintiff #2. Meyers v. Long, supra, 23 Conn. Sup. 93. Therefore, Meyers, is factually dissimilar to the present case, because it deals with the issue of separate plaintiffs joining to sue separate defendants who committed independent and unrelated acts. Id.
The plaintiffs rely mainly on Fairfield Lumber Supply,139 Conn. 141, 143-44 (1952), for the proposition that their actions CT Page 14094 are properly joined. The plaintiffs argue that they assert similar causes of action, including their CUTPA claims, and that the defendant's conduct is highly relevant to the issue of punitive damages allowable under CUTPA. Fairfield Lumber Supply, however, is not helpful because although the five plaintiffs in that case were allowed to join in one action on separate independent contracts against the lone defendant, inFairfield the defendant made promises to all of the plaintiffs as a group to induce them to continue to work on the defendant's construction project after the defendant had gone bankrupt. Id, 144.
In the present case, it is evident that there are three plaintiffs claiming damages for similar activities against a single group of closely-related defendants.
The plaintiffs here allege nearly identical acts by the defendant and allege the same five causes of action, including claims under CUTPA. Though the acts alleged by the plaintiffs in the present case are not immediately related in time, neither the rule set forth in Goggins v. Fawcett, 145 Conn. 709 (1958), nor § 84 place finite time limits upon the phrases "series of transactions" or "entire course of conduct." Id. Although time periods may not be expanded temporally to infinite length, time is relative, and here we are concerned with the relationship of a series of business transactions conducted by the defendant with members of the consuming public. Further, since the subject of a CUTPA claim essentially arises from business practices which may present a potential danger to consumers at large, the CUTPA claims brought by all three of these plaintiffs concern the "same subject of action", and have served to adversely "affect all of the parties to the action." Meyers v. Long, supra, 23 Conn. Sup. 94. In addition, there are common questions of law and fact intermingled in the plaintiffs' nearly identical encounters with the defendant. See Practice Book § 84.
The court also considers the delay and excessive burden upon the legal system that would result if three separate complaints, three separate answers, three separate sets of discovery motions and answers, three separate juries and three separate trials were required in the present case. See Evergreen Cemetery Associationv. Beecher, 53 Conn. 551, 552 (1885). However, the issue of whether there should be separate trials must be left to another day and the trial court. CT Page 14095
Our policy clearly favors litigation of related controversies in a single act. General Statutes § 52-97; Practice Book § 84.
The present case is analogous to Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559 (1995). Although Williams v.Ford never specifically addressed the issue of joinder, a total of fourteen car dealerships associated into three groups brought a single action against the defendant newspaper based on alleged misrepresentations by the defendant concerning the "best" prices for its advertisements. Id The defendant's conduct consisted of conversations with representatives of some of the plaintiffs at various times, mailings sent out by the defendant and various meetings at which some or all of the plaintiffs were in attendance. In essence, the plaintiffs' actions were not based on one act of the defendant, but a course of conduct by which all of them were injured at various times. Id.
Based on the above, the court finds that the plaintiffs in the present case are properly joined. It follows that the defendant's motion to strike the plaintiffs' complaint must be denied.
Teller, J.