[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
FACTS
CT Page 1034
The plaintiffs, Jeffrey Cote and Dana Collier, filed a three count amended complaint on September 23, 1996 against the defendants, General Motors Corporation (GMC) and Antonino Pontiac-Buick-GMC Truck, Inc. (Antonino). Count one of the amended complaint is by the plaintiff, Collier, alleging breach of express and implied warranties against the defendant, Antonino. Count two is by the plaintiff, Cote, alleging product liability against both defendants. Count three, also by the plaintiff, Cote, alleges breach of express and implied warranties against the defendant, Antonino.
The amended complaint arises from the alleged purchase of the same motor vehicle by both plaintiffs from Antonino, which the plaintiffs claim is defective.
The defendant, Antonino, moves to strike count one of the amended complaint on the ground that the parties and causes of action are misjoined.
DISCUSSION
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors. Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group. Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
A motion to strike may be used to attack procedural defects in the pleading, such as misjoinder of actions or nonjoinder of parties. Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). A pleading may be legally insufficient if two or more causes of action are joined "which cannot be properly united in one complaint, whether the same be stated in one or more counts." Practice Book § 152(4). See, e.g., Williams v. Bernard,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543987 (March 16, 1995, Santos, J.,13 Conn. L. Rptr. 619, 620); Purple v. Town of East Hampton, Superior Court, judicial district of Middlesex, Docket No. 062100 (June 10, 1992, Austin, J., 7 CSCR 743). "The exclusive remedy for CT Page 1035 misjoinder of parties is by motion to strike." Practice Book § 198; DeRosa v. DeRosa, 22 Conn. App. 114, 117 n. 3,575 A.2d 713 (1990).
In the present case, the plaintiff, Cote, alleges the following pertinent facts. The plaintiff purchased the subject motor vehicle from the defendant, Antonino. Subsequent to that purchase, the plaintiff had problems with the vehicle and took it to Antonino for service. He continued to experience problems with the vehicle, but before he could return the vehicle for a scheduled service, the vehicle spun out on a slushy highway. The vehicle was damaged, and the plaintiff received injuries. The plaintiff had the vehicle repaired and then traded it back to Antonino for another vehicle.
Cote's claims in counts two and three of the amended complaint arise from his purchase of the subject vehicle and defects, which Cote claims caused the vehicle to fail to perform safely in adverse weather conditions.
The plaintiff, Collier, alleges that he subsequently purchased the same vehicle from Antonino. Count one of the amended complaint arises from representations made to Collier by an agent of Antonino that the vehicle was never previously involved in an accident.
In support of its motion to strike count one of the amended complaint, the defendant, Antonino, argues that the plaintiffs' are alleging separate causes of action based on two separate transactions. "[D]istinct causes of action may not be joined in one complaint unless they arise out of the same transaction or transactions connected with the same subject of action and unless the, affect all of the parties to the action." Meyers v. Long,23 Conn. Sup. 93, 94, 176 A.2d 886 (1961).
To unite several causes of action in one complaint, the claims must arise out of "the same transaction or transactions connected with the same subject of action." General Statutes § 52-97 (7). To the same effect are General Statutes §52-104 and Practice Book § 84, which provide that persons may be joined as plaintiffs if their right of relief arises out of the "same transaction or series of transactions."
In the present case, the plaintiffs allege promises made by the defendant, Antonino, which appear similar in counts one and CT Page 1036 three. The promises, however, are very different and give rise to different causes of action. The defendant, Antonino, allegedly told the plaintiff, Collier, that the motor vehicle had never been in a car accident. The plaintiff, Cote, however, received promises regarding the antilock braking system and airbag system of the vehicle, which allegedly failed, giving rise to counts two and three of the amended complaint. Thus, although the two plaintiffs' claims sound as though they present common issues, the alleged promises made by the defendant clearly do not arise from the same transaction, nor do the promises, because they are different, give rise to a course of conduct to suggest a series of transactions.
Accordingly, the court finds that the plaintiffs in the present case are not properly joined, nor do their claims arise out of the same transaction or series of transactions. The defendant's motion to strike count one of the amended complaint is granted.
CONCLUSION
In accordance with the foregoing discussion, the defendant's motion to strike count one of the amended complaint is granted.
Booth, J.