[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a four-count complaint to recover for injuries the plaintiffs, Yvonne and Marcia Bailey, sustained in two separate automobile accidents occurring one hour apart. Counts one and two allege negligence against Sandra Thomas, the owner, and Chrystal Copeland, the operator of the automobile involved in the first accident. Counts three and four allege negligence against Joao Cordeiro, the operator of the automobile involved in the second accident. On April 22, 1999 Cordeiro moved to strike counts three and four against him all of the parties to the action — even though policy favors litigation of related controversies in a single action. Myers v. Long, 23 Conn. Sup. 93, 93-94, (1961).
Our Supreme Court has stated:
 "Where the facts forming the basis upon which the plaintiff claims relief constitute a single transaction or occurrence, he may sue in CT Page 7989 one action two or more defendants against whom he claims relief. . . . In order that the facts upon which the plaintiff relies shall constitute a single group, they must form the primary basis of recovery against each of the several defendants, although as to some of them further facts need to be proved; or, to state the proposition in another way, the liability of each defendant must, in some aspect of the proof permissible under the allegations of the complaint, relate to and depend upon a single primary breach of duty." Veits v. Hartford, 134 Conn. 428, 434-35, 58 A.2d 389
(1948).
 -II-
Counts one and two of the complaint, pertaining to the first auto accident, and counts three and four, pertaining to the second auto accident even though the injuries suffered in the two accidents may be hard to separate, do not arise out of the same transaction or transactions connected with the same subject of action. The separate accidents giving rise to the two causes of action against on the ground of misjoinder in that the two accidents are separate causes of action and may not be joined together. Plaintiffs in opposing the motion, argue that the injuries suffered by them are similar if not the same; no medical attention was received between the accidents; and joinder of the two accidents would promote judicial economy.
 -I-
Practice Book § 10-21 and General Statutes § 52-97
both provide for the joinder of causes of action, and state, in pertinent part, that "if several causes of action are united in the same complaint, they shall all be brought to recover (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action.
A "transaction" has been defined as "something which has taken place whereby a cause of action has arisen." "It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered. DeFelippi v.DeFelippi, 23 Conn. Sup. 352, 353, (1962), quoting CraftRefrigerating Machine Co. v. Quinnipiac Brewing Co.,63 Conn. 551, 560, 29 A. 76 (1893); see Goggins v. Fawcett, 145 Conn. 709, CT Page 7990 711, (1958).
In Connecticut it has long been held that distinct causes of action may not be joined in one complaint unless they arise out of the same transaction or transactions connected with the same subject of action and unless they affect the two different groups of defendants, are in no way connected with each other, form two separate bases of recovery and relate to and depend upon two separate breaches of duty. In Myers v. Long, supra,23 Conn. Sup. 93-94 Judge Cotter sustained a demurrer to claims brought by two separate plaintiffs against two separate defendants for injuries sustained in immediately successive automobile accidents on the basis of misjoinder.
Plaintiffs' reliance on Rivera v. Ingentio, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 479186 (September 29, 1997, Lager, J.) (20 Conn. L. Rptr. 451), a lead paint case, is not persuasive. The court in Rivera placed substantial emphasis on the unique aspects of lead poisoning cases where the lack of joinder might greatly increase lead paint litigation, which may often involve successive exposures in separate residences, the owners of which are commonly cited in anyway for purposes of apportionment. These special circumstances of lead poisoning cases are not applicable to the separate automobile accidents in this case, where separate trials would not involve substantial duplication of effort for the parties or the court, since evidence, and testimony would necessarily be different and involve different parties, and the alleged injuries would be unrelated, although possibly similar and difficult to separate.
Motion to strike counts three and four is granted.
Jerry Wagner Judge Trial Referee