[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO STRIKE
In this multi count complaint the plaintiffs seek damages for injuries they received while patients at Woodlands Health Center, a nursing home facility owned and operated by the defendant. Plaintiff Yolanda Klimas brings this action as the Executrix of the Estate of Eleanor Hodgins. Irene Smith brings this action on her own behalf.
Plaintiff Hodgkins was admitted to Woodlands Health Center in 1997. On or about December 7, 1997, she was escorted to the bathroom and left unattended. While in the bathroom Hodgins fell, fracturing her 6th, 7th and 8th ribs. She subsequently died for reasons unrelated to the fall. In this action Hodgkins seeks to recover damages for the injuries she claims are the result of defendant's failure to comply with its statutory and common law obligations.
Plaintiff Smith was admitted to Woodlands in April, 1993, requiring assistance with activities of daily living, personal care, dressing and feeding. In the fall of 1996 she required emergency surgery to relieve an obstructed bowel. She too seeks damages in this action, claiming her injuries also arise from the defendant's breach of its statutory and common law responsibilities.
The defendant moves to strike the complaint in its entirety arguing that the causes of actions of the two plaintiffs are improperly joined. Practice Book Section 10-21 provides, in relevant part, that "[i]f several causes of action are united in the same complaint, they shall all be brought to recover, either . . . upon claims, whether in contract or tort or both, CT Page 3917 arising out of the same transaction or transactions connected with the same subject of action." Likewise, General Statutes Sec.52-104 provides that "[a]ll persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise . . ."
Decisions interpreting the statutory and practice book joinder provisions have concluded that different causes of action are properly joined in one complaint "if both arose out of the same transaction, or if, while one arose out of one transaction and the other out of another, both these transactions were connected with the same subject of action." Craft Refrigerating Machine Co.v. Quinnipiac Brewing Co., 63 Conn. 551, 560 (1893). In Gogginsv. Fawcett, 145 Conn. 709, 711 (1958) the Supreme Court approved joinder of two causes of action in which the acts [have] some connection with each other, in which both parties are concerned, and by which the legal relations of the parties have been altered." In that case, in which the plaintiff alleged that within a short time he was twice struck by the defendant's vehicle, first in Connecticut and then in Massachusetts, joinder was appropriate because the plaintiff's claims "were a recitation of a group of related acts which went to make up one entire course of conduct and constituted a single transaction . . ." By contrast, the court in Myers v. Long, 23 Conn. Sup. 93 (1961), concluded that joinder was prohibited when two different plaintiffs attempted to combine in one lawsuit claims arising out of two separate accidents which were related only by proximity in time and location.
This case is governed by Myers v. Long, supra. In this matter, the plaintiffs are residents of defendant's nursing facility. They were each injured in separate incidents more than six months apart. The claimed failure of the defendant is different with respect to each plaintiff. In the Klimas claim, it is alleged that the facility failed to properly monitor and supervise the decedent while she was in the bathroom, causing her to slip, fall and injure herself. In the Smith claim, the allegation is that the defendant failed to properly monitor her bowel movements, resulting in an obstruction requiring surgery. Under these circumstances the allegations of the plaintiffs do not comprise "a group of related acts which went to make up one entire course of conduct and constit[uting] a single transaction." Goggins v.Fawcett, supra, 145 Conn. at 711.
Plaintiffs seek to avoid this conclusion by arguing that both plaintiffs assert the same legal theories in support of other and would necessarily involve the consideration by the court or jury of two wholly unrelated events, joinder is inappropriate.
Accordingly, for the foregoing reasons, the defendant's motion to strike the complaint is granted.
SO ORDERED.
Robert L. Holzberg, J.
CT Page 5086