THE UNION AND NEW HAVEN TRUST COMPANY, TRUSTEE, *vs.* THE TAFT REALTY COMPANY ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 6th—decided May 12th, 1937.

*Charles M. Lyman,* for the appellant (defendant Western Union Telegraph Company).

*Philip Pond,* with whom, on the brief, were *J. Frederick Baker* and *Joseph B. Morse,* for the appellee (named defendant).

BANKS, J. This was an action commenced February 20th, 1935, to foreclose a mortgage upon the Hotel Taft property in New Haven owned by The Taft Realty Company. A judgment of foreclosure was entered on January 10th, 1936, finding the amount of the debt due to the plaintiff and fixing the law days for the various defendants commencing March 2d, 1936. On February 28th, 1936, on motion of The Taft Realty Company, the judgment was modified by extending the law days to May 4th, 1936, the reason given for the requested extension being that it was probable that a reorganization of the Realty Company could be effected which would be acceptable to the plaintiff and the holders of the bonds secured by its mortgage. On March 25th, 1936, the Realty Company filed in the federal court a petition for reorganization under the provisions of § 77B of the Bankruptcy Act, and on April 6th, 1936, that court appointed a temporary trustee of its estate with authority to take possession of all of its property and to manage and operate its business. On April 17th, 1936, the Superior Court directed its receiver appointed in this action to deliver to himself as such temporary trustee all the property in his hands as such receiver, and to obey all orders of the federal court applicable to him as such receiver. On May 1st, 1936, a further modification of the foreclosure judgment was made extending the law days to October 6th, 1936. On July 14th, 1936, the federal court approved and confirmed an amended plan of reorganization of The Taft Realty Company, and on July 30th, 1936, entered an order decreeing that all the property included in its estate be vested in a new corporation known as The Taft Realty Corporation, and directing the plaintiff, upon the execution by this corporation to it of a new mortgage, to execute and deliver a satisfaction of the

old first mortgage. On October 2d, 1936, the Superior Court, upon motion of the plaintiff, entered an order opening and vacating the judgment of foreclosure as modified, and authorizing and permitting the plaintiff to withdraw this action. The appeal is from this order. The appellant, the Western Union Telegraph Company, is a subtenant of the lessee of the hotel property and as such was made a party defendant, and in the judgment of foreclosure was given a law day subsequent to that of the owner of the equity and to that of its lessor.

The appellant's brief states that its appeal raises two questions: (1) Whether the trial court had jurisdiction to open the judgment. (2) If such jurisdiction existed whether the court abused its discretion in exercising it. The appellant contends that the reorganization proceedings in the federal court ousted the Superior Court of jurisdiction to modify its foreclosure judgment. The foreclosure judgment, being a decree of a court of competent jurisdiction in the enforcement of a pre-existing lien, was not affected by the reorganization proceedings under the Bankruptcy Act. *Metcalf* v. *Barker,* 187 U. S. 165, 23 Sup. Ct. 67; 2 Collier, Bankruptcy (13th Ed.) 1590. Section 77B of the Bankruptcy Act provides that during the pendency of proceedings thereunder the federal court shall "have exclusive jurisdiction of the debtor and its property wherever located," also that it may "enjoin or stay the commencement or continuation of suits against the debtor until after final decree." Such stay is not the automatic result of reorganization proceedings under this section, and Congress did not intend the bankruptcy court to take over all litigation between the debtor and third persons. *In re Murel Holding Corp.* (C. C. A. 2d Cir.) 75 Fed. (2d) 941; *In re Prudence Bonds Corp.* (C. C. A. 2d Cir.) 75 Fed.

(2d) 262. Whether or not the bankruptcy court will stay foreclosure proceedings in the state court under this section of the Bankruptcy Act is a matter within its discretion which has frequently been exercised by declining to interfere with the action of the state court. *In re Murel Holding Corp.*, supra; *In re Granada Hotel Corp.*, 28 Amer. B. R. (N. S.) 90; *In re Coney Island Hotel Corp.* (C. C. A. 2d Cir.) 76 Fed. (2d) 126.

It has been held that when a foreclosure decree has been entered the federal court is without power under § 74 of the Bankruptcy Act to restrain further proceedings in the foreclosure suit. *In re Sorenson*, 77 Fed. (2d) 166. Even if the foreclosure action had not gone into final judgment prior to the reorganization proceedings, the institution of the latter would not have ousted the Superior Court of its jurisdiction in the premises. It does not appear that any stay of the foreclosure action was sought or granted in the federal court. The only action, indeed, of which the appellant complains, is the court's vacation of its judgment and allowance of the withdrawal of the action, in effect a stay of any further action and a refusal to exercise further jurisdiction. *Isaacs* v. *Hobbs Tie & Timber Co.*, 282 U. S. 734, 51 Sup. Ct. 270, relied on by the appellant, is not in point. In that case a suit to foreclose a mortgage was begun in the state court after the owner had been declared bankrupt and the referee in bankruptcy had entered an order for the sale of the property. It was held that the state court was without jurisdiction to proceed to foreclosure and sale, since the bankruptcy court had originally acquired jurisdiction which could not be affected by actions thereafter brought in other courts.

The appellant further claims that the trial court had, by reason of lapse of time, lost its power to open

and vacate its judgment. Section 5084 of the General Statutes provides that any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court, be opened and modified at the same term or the term next following, provided it shall not be opened after the title has become absolute in any incumbrancer. The judgment was originally entered on January 10th, 1936, was modified February 28th, 1936, and again May 1st, 1936, and was opened and vacated October 2d, 1936. Section 5329 of the General Statutes (now § 1624c, Cum. Sup. 1935) provides that there shall be a term of the Superior Court held annually in the county of New Haven on the third Tuesday of September. The order of the court entered on October 2d, 1936, was at the term next following that at which the judgment of January 10th, 1936, was rendered, and was thus literally within the authorization of § 5084.

Section 5330 provides for the holding of sessions of the Superior Court in the several counties at such times and for such duration as the judges of the Superior Court shall determine at their annual meeting in each year, and since the enactment of that statute the judges have provided for the holding of three sessions of the Superior Court in New Haven County during the court year. One session begins at the opening of the term, one on the Friday before the first Tuesday of January and one on the Friday before the first Tuesday of April. The appellant contends that the words "term" and "session" have been used interchangeably in the statutes and should be construed synonymously, that § 5084 should therefore be construed to permit the opening of a judgment of foreclosure only within the "session" of the court next following that at which it was rendered, and that the court had no power on October 2d, 1936, to open a

judgment rendered on January 10th, 1936, since more than one "session" of the court had intervened. In the case of *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 145 Atl. 151, in considering the application of the common-law rule limiting the power of a court over its judgment to the term of the court at which it was rendered, the majority opinion (p. 54) treated the terms and sessions of the Superior Court as provided in § 5451 of the General Statutes, 1918, as equivalents. That section of the statutes of 1918 fixed the times for the holding of both terms and sessions of the Superior Court in the various counties. After the decision in the *Title & Guaranty Co.* case, which was rendered in March, 1929, the Legislature of that year materially amended the statute (Public Acts, 1929, Chap. 232) so that, as it now reads, the statute fixes the times for the holding of terms only of the Superior Court in Hartford, New Haven and Fairfield counties (General Statutes, § 5329), leaving the times of the holding of sessions of the court in those counties to be determined by the judges, General Statutes, § 5330, thus clarifying the distinction between the two.

Whether "term" and "session" are used so interchangeably in the present statutes that "term" as used in § 5084 must be construed as the equivalent of "session," is immaterial to our present inquiry. The judgment which the court opened and vacated on October 2d, 1936, was the judgment which it rendered on May 1st, 1936. The original judgment of January 10th, 1936, was twice modified. Each of these modifications was one made under the provisions of § 5084 with regard to the opening and modification of foreclosure judgments, each necessarily implied an opening of the preceding judgment which it modified, and a complete substitution for its operative portions.

Each was in essence and substance a new judgment. 34 C. J., p. 385, § 595. Each recites that "it is adjudged and decreed" that unless the several defendants pay the amount of the debt within the time limited they shall be foreclosed of all equity to redeem, and that "it is further adjudged and decreed" that upon the payment of the debt by any incumbrancer the title shall vest in him. These judgments are not attacked by assignment of error as being incomplete because of the failure to recite all the findings of fact contained in the original judgment, and it is unnecessary to consider whether or not they would be vulnerable to such attack. The order of the court vacating the foreclosure judgment was entered at the session of the court next succeeding that at which the final judgment was rendered and it was one that it had the power to enter in the exercise of its discretion.

The appellant claims that the order was an abuse of the court's discretion. The obvious purpose of the petition of The Taft Realty Company filed in the federal court for reorganization under the provisions of § 77B of the Bankruptcy Act was to prevent the consummation of the foreclosure of the first mortgage upon its property which would have resulted in vesting the title to its property in the plaintiff. If the foreclosure action had not already gone into judgment the obvious procedure would have been to obtain from the federal court a stay of that action pending the reorganization proceedings in that court. The same result was accomplished by the two modified foreclosure judgments extending the period for redemption. Before the expiration of the second extension period the reorganization plan was approved by the federal court. The plan provided for the organization of a new corporation known as The Taft Realty Corporation, and that the holders of bonds secured by

the mortgage involved in this action should receive in exchange for them bonds secured by a new first mortgage of The Taft Realty Corporation to the plaintiff as trustee, together with certain shares of stock of that corporation. The federal court entered an order that the title to all the assets of the debtor vest in the new corporation and that the plaintiff, upon the execution of the new mortgage, execute and deliver a satisfaction of the old mortgage. In pursuance of the order of the federal court, deeds of the real estate covered by the old mortgage to the new corporation were executed by The Taft Realty Company and its trustee in the reorganization proceedings, and an assignment by the latter to the new corporation of the leases of the Realty Company, the plaintiff executed a release and discharge of the old mortgage and a quit-claim deed to the new corporation of the property covered by it, and that corporation executed a new mortgage to the plaintiff as provided for in the plan of reorganization.

No question is raised as to the jurisdiction of the federal court to make this order or the validity of the conveyances made in pursuance thereof. The result was that by agreement of the parties settlement of the foreclosure action was effected which in substance amounted to a redemption by an assignee of the owner of the equity, and by the judgment of a court of competent jurisdiction the title to the property was vested in the new corporation free of the lien of the mortgage involved in this action. This result, to permit which the foreclosure judgment had been twice opened and modified, having been consummated, the opening of the judgment and withdrawal of the action was appropriate procedure to prevent the title from automatically passing to the plaintiff which had released its mortgage and deeded the property to The

Taft Realty Corporation, and to clear the record title to the property vested in that corporation under the decree of the federal court.

No rights of the appellant were invaded by the action of the trial court in opening the judgment and permitting the withdrawal of the action. Appellant is a tenant of a portion of the hotel property under a sublease from The J. C. La Vin Company, the lessee of the hotel. Prior to the entry of judgment the court entered an order authorizing the receiver appointed in the foreclosure proceeding to enter into an agreement with the La Vin Company, providing that either party thereto might cancel the lease upon the expiration of one year or at any time thereafter upon ninety days written notice, but the record does not disclose that any agreement such as that authorized was in fact made. The only assignment of error, other than the general one that the court erred in entering the order appealed from, is that the court did not condition the opening of the judgment upon giving the appellant the benefit of this order with regard to the lease. It does not appear in appellant's brief or argument in what respect its rights were affected by this order, or what benefit, to which it may have been entitled, it now claims to have been deprived of by reason of the opening of the judgment. It says that the plaintiff having elected to make it a party defendant ought not now to be permitted to change its mind and withdraw the action without its consent. The appellant sought no affirmative relief in the action and it was the right of the plaintiff with the consent of the court to withdraw it at any time if the appellant's rights were not injuriously affected. General Statutes, § 5494; *Bristol* v. *Bristol Water Co.*, 85 Conn. 663, 673, 84 Atl. 314. The appellant had acquired no right under the order of the court and the withdrawal of

the action terminated the authority of the receiver to enter into any agreement with it.

Its contention comes down to this—that as a junior incumbrancer, by virtue of a lease of a portion of the mortgaged property, having been made a party to the foreclosure action, it has a right to be foreclosed out and thus relieved of the contract of its lease under which it is bound to pay what it terms "an excessive and burdensome rent." It requires no argument to demonstrate the unsoundness of this contention. The appellant is in no worse position than if it had not been made a party to the foreclosure action or, having been made a party, had been dropped before the action went into judgment, or if the owner of the equity had redeemed, which in substance is the result reached through the reorganization. If, as a result of the reorganization, the leasehold interest is now an incumbrance prior to that of the new mortgages, it surely cannot complain of a result which places it in a more favorable position than that which it occupied prior to the foreclosure action.

The withdrawal of the action did not injuriously affect the rights of the appellant. There was good cause shown for the vacation of the judgment and the withdrawal of the action, and the court acted well within its discretion in entering the order appealed from.

There is no error.

In this opinion the other judges concurred.