## THE MILFORD TRUST COMPANY *v.* JACK GREENBERG ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 3—decided November 14, 1950

*William Gitlitz,* for the plaintiff.

*Nathan Rubin,* for the named defendant.

BROWN, C. J.  In this action by the plaintiff against the defendant Greenberg and the other defendant as a subsequent incumbrancer, for the foreclosure of a mortgage on real estate in Milford, judgment of foreclosure was entered on May 5, 1950, fixing the law days as June 5 for Greenberg and the two succeeding days for the other defendant as second and third mortgagee, with stay of execution, upon the failure of all parties to redeem, until June 8.  On May 12 Green-

berg's motion, as amended, to reopen the judgment was denied. On May 15 Greenberg appealed from the judgment and by his request for a finding asked to have reviewed the question whether the court erred in the denial of his motion. On June 8 the plaintiff's motion for execution pursuant to Practice Book, § 366, was granted by the court's order, which included an extension of the law days until June 13 and succeeding days. On June 13 on motion of the subsequent incumbrancer, the judgment of May 5 was reopened for the sole purpose of extending the dates of redemption to July 10 and succeeding days, and in all other respects the judgment of May 5 was re-entered as originally rendered. The plaintiff's contention is that, since this record discloses that the judgment of May 5 is now nonexistent, a motion to erase Greenberg's appeal therefrom, with its claim that the court erred in denying his motion to reopen that judgment as originally entered, should be granted.

There is and can be no question that all of the court's orders, including its ultimate judgment of June 13, were entered within the same term of court. Section 7196 of the General Statutes does, however, pose the question whether title had "become absolute in any incumbrancer" before the court opened and modified the judgment of May 5. Upon the filing of Greenberg's appeal on May 15, Practice Book, § 366, became operative to stay further proceedings under the judgment of May 5, precluding the passage of title upon any of the law days provided for in that judgment. *Zinman* v. *Maislen*, 89 Conn. 413, 414, 94 A. 285. This did not, however, militate against the court's right to open the judgment of May 5, for this "is not affected by beginning or not beginning an appeal." *Thompson* v. *Towle*, 98 Conn. 738, 741, 120 A. 503. The court's order of June 8 involved a modification of the judg-

ment of May 5 and "necessarily implied an opening of the preceding judgment which it modified, and a complete substitution for its operative portions. [It] was in essence and substance a new judgment." *Union & New Haven Trust Co. v. Taft Realty Co.*, 123 Conn. 9, 15, 192 A. 268. The same holds true as to the effect of the subsequent judgment of June 13 upon the judgment of June 8. Neither of these subsequent judgments was entered after title had "become absolute in any incumbrancer" within the prohibition of § 7196. When the judgment of June 8 was entered, the stay of the May 5 judgment incident to Greenberg's appeal was operative under Practice Book, § 366. When the judgment of June 13 was entered, there had been no vesting of title under the terms of the May 5 judgment as modified by that of June 8.

Since the court's order of June 8 was operative to open the judgment of May 5, the case then stood as though that judgment as originally entered had never been rendered. *Padaigis* v. *Kane*, 125 Conn. 727, 728, 4 A. 2d 335; *Simpson* v. *Y. M. C. A. of Bridgeport*, 118 Conn. 414, 418, 172 A. 855. Accordingly, any appeal from that judgment would be void. *White* v. *Howd*, 66 Conn. 264, 266, 33 A. 915. Upon this record the motion to erase properly raises the question. *Klein* v. *Capitol National Bank & Trust Co.*, 124 Conn. 685, 686, 2 A. 2d 489. Greenberg had a right to appeal from the ultimate judgment of June 13. General Statutes § 8003. That he failed to do so cannot affect the question before us for decision.

The plaintiff's motion to erase the appeal is granted.

In this opinion the other judges concurred.