WILLIAM G. MAJOR CONSTRUCTION COMPANY *v.* JOHN DeMICHELY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued January 2—decision released May 21, 1974

*Raymond F. Ross,* for the appellant (named defendant).

*Melvin J. Silverman,* with whom, on the brief, was *Jules Lang,* for the appellee (plaintiff).

BOGDANSKI, J. This appeal is in an action to foreclose a mechanic's lien brought by the plaintiff, William G. Major Construction Company, against the defendant John DeMichely. The trial

court ordered a default and strict foreclosure on January 13, 1971. On June 18, 1971, the court opened the judgment and substituted a judgment of foreclosure by private sale, which was confirmed by a supplemental judgment on August 12, 1971. Shortly thereafter, the defendant moved to open and vacate the judgment of June 18 and to set aside the default. On December 15, 1971, the court rendered a second supplemental judgment which denied the defendant's motions and ordered that part of the proceeds of the sale be distributed to the plaintiff. From the judgments and supplemental judgments the defendant has appealed to this court.

The finding, which is not subject to material correction,[1] discloses the following facts: In 1969, the plaintiff contracted with the defendant to construct a dwelling on land owned by the defendant in the town of Westport. When the defendant allegedly

---

[1] The defendant has made numerous attacks on the finding of facts. We deem it unnecessary to discuss them in detail. A fact is not admitted or undisputed merely because it has not been contradicted, since the question of credibility is for the trier. *Malarney* v. *Peterson*, 159 Conn. 342, 344, 269 A.2d 274. To obtain an addition to the finding, the appellant must point to some part of the appendix, the pleadings, or an exhibit properly before us which discloses that the fact in question was admitted or that its truth was conceded to be undisputed. *Martin* v. *Kavanewsky*, 157 Conn. 514, 515, 255 A.2d 619. Some of the additions sought are implicit in the finding as made, or involve facts which are immaterial. *Martin* v. *Kavanewsky*, supra, 516. Most of the facts claimed to have been found without evidence are supported by evidence printed in the appendices. No evidence, however, has been brought to our attention that supports the findings that the defendant was represented by counsel in the January 13 proceedings after the court permitted his original counsel to withdraw. Those findings are therefore stricken. The claim that the court found facts in language of doubtful meaning lacks merit. The efforts of the defendant to alter the finding cannot succeed where the evidence is conflicting and the finding has support in the evidence. *Winnick* v. *Parrish*, 142 Conn. 468, 474, 115 A.2d 428.

defaulted, the plaintiff halted construction and, on July 9, 1970, filed suit to foreclose a mechanic's lien. Counsel for the defendant filed an appearance on August 5, 1970. The plaintiff thereafter moved for disclosure of defense and for strict foreclosure. On October 16, 1970, the defendant's counsel moved to withdraw his appearance. The case was specially assigned for January 13, 1971, for a hearing on the motions.

On January 13, 1971, the defendant's then counsel appeared and stated that the defendant's whereabouts were unknown, that numerous letters which he had sent to the defendant at his last known address had been returned with no forwarding address, and that no information as to the defendant's location was available from either the defendant's former employer or his forwarding counsel. The defendant's attorney was unable to advise the court of any defense to the action. The court granted him permission to withdraw as counsel on the condition that the returned letters be filed with the court. The defendant's counsel thereupon left the courtroom and did not participate in the proceedings that followed. The returned letters were sent to the clerk of the court by letter dated January 19, 1971.

After permission to withdraw had been granted, the court, on January 13, 1971, entered a default against the defendant. Although the damages sought were unliquidated, the court proceeded that same day to hold a hearing in damages. The president of the plaintiff corporation testified to the amount of the debt. The court found that the defendant owed the plaintiff a total of $18,429.95, plus costs, and ordered a judgment of strict foreclosure.

On February 9, 1971, the defendant's present counsel appeared and moved to open and vacate the judgment of January 13, claiming that the proceedings had been improper, that a good defense existed and that the defendant had been prevented by reasonable cause from asserting his defense. The defendant also disputed the amount, if any, owed to the plaintiff. At a hearing on February 19, 1971, the defendant testified that he had been out of the country from July through November of 1970, that serious personal problems had prevented him from attending to the case, and that he had had no knowledge of the January 13 proceedings until subsequently advised of them by his present attorney. The court concluded that the defendant's testimony lacked credibility and that he had not shown reasonable cause for his failure to make a defense at the January 13 hearing. The court also concluded that "[t]he withdrawal of counsel, entry of the default, hearing in damages, special assignment of the case and the entry of the judgment, all of which occurred on January 13, 1971, were proper and in accordance with the Practice Act." The defendant's motion was accordingly denied, and the defendant filed an appeal from that action to this court.

On June 18, 1971, however, on the defendant's motion and with the plaintiff's consent, the trial court opened and set aside the judgment of strict foreclosure and substituted a judgment of foreclosure by private sale. That judgment specifically reaffirmed the debt of $18,429.95 previously found due on the mechanic's lien. The sale was confirmed by supplemental judgment dated August 12, 1971. On August 16, 1971, the defendant filed a motion to open and vacate the June 18 judgment. With the motion the defendant's attorney filed an affidavit

in which he stated that in moving to open the judgment of strict foreclosure, "it was the express intention that said Motion would not, in any way, affect the rights, obligations or duties of any of the parties nor, in any way, affect the appeal pending before the Supreme Court of Connecticut"; that the judgment actually entered on June 18 "goes far beyond the defendant's Motion and contravenes the intent and the spirit of same . . . [because it] makes no reference whatsoever to the pending appeal or that the rights of the parties are to be protected"; that the June 18 judgment did "not correctly reflect the proceedings that occurred . . . when the defendant's Motion was presented to the Court"; and that "[c]ounsels [sic] conduct amounts to consent or waiver."[2]    But the defendant did not file a timely motion to correct the June 18 judgment to reflect the stipulation of the parties. Thereafter, on November 11, 1971, the defendant moved to set aside the default.  In the meantime this court dismissed the defendant's appeal from the January 13 judgment for the reason that that judgment had been voided by the June 18 judgment. *William G. Major Construction Co.* v. *DeMichely,* 161 Conn. 606, 284 A.2d 131; see *Milford Trust Co.* v. *Greenberg,* 137 Conn. 277, 279, 77 A.2d 80.

On December 15, 1971, the trial court rendered a second supplemental judgment denying the defendant's motions and ordering the clerk to pay $18,429.95 to the plaintiff from the proceeds of the

[2] Despite the representations in the affidavit, it appears from the transcript of the hearing on June 18 that after the defendant's counsel moved to open the January 13 judgment, counsel for the plaintiff stated: "If the judgment was reaffirmed and all particulars in the amount of the debt found, and so forth, and so on . . . ." The defendant's counsel replied, "I would have no objection to that."

sale. The trial court did not decide whether the June 18 judgment accurately reflected the underlying intention of the parties. At the hearing on the motions held on December 14, 1971, the defendant argued that the opening of the January 13 judgment on June 18 allowed him to assert his defenses as though he had never been defaulted. The court concluded that the June 18 judgment did not vitiate the default and the hearing in damages, and consequently did not permit the defendant to introduce evidence regarding the issues of liability and damages.

On this appeal the defendant seeks to argue that the trial court erred (1) in permitting prior counsel to withdraw on January 13, 1971, without notice to the defendant; (2) in granting a default, holding a hearing in damages and ordering judgment of strict foreclosure on January 13, 1971, without a motion for default or a claim for the trial list having first been filed, and without notice to the defendant; (3) in denying the defendant's motion dated February 9, 1971, to open and vacate the judgment of January 13, 1971; and (4) in concluding that the opening of the January 13 judgment did not void the entry of a default and the hearing in damages.

As the plaintiff argues, however, the defendant is estopped from raising those claims by his consent to the June 18 judgment of foreclosure by private sale. The judgment of June 18 reaffirmed the debt and "was in essence and substance a new judgment." *Union & New Haven Trust Co.* v. *Taft Realty Co.*, 123 Conn. 9, 16, 192 A. 268; *Milford Trust Co.* v. *Greenberg*, supra. It completely superseded the January 13 judgment of strict foreclosure.

"[T]he case then stood as though that judgment as originally entered had never been rendered." *Milford Trust Co.* v. *Greenberg,* supra.

Since the judgment of June 18 was entered by consent of both parties, it is not subject to challenge on appeal. *Bryan* v. *Reynolds,* 143 Conn. 456, 461, 123 A.2d 192; *Shaw* v. *Spelke,* 110 Conn. 208, 215, 147 A. 675. If the judgment did not conform to the stipulation on which it was purportedly based, the defendant's remedy was by motion to the trial court to correct the judgment. *Bryan* v. *Reynolds,* supra; *Sisk* v. *Meagher,* 82 Conn. 376, 377, 73 A. 785. The June 18 judgment, which recites the existence of the debt, "is a record conclusive of the fact therein stated." *Sisk* v. *Meagher,* supra. Had the defendant moved to correct the judgment, and had the court refused to do so, the defendant could have taken an appeal had he believed that the court erred in its ruling. *Bryan* v. *Reynolds,* supra. As the case stands, the defendant has not argued to this court that the trial court should have corrected the June 18 judgment to conform to the underlying agreement between the parties.

The defendant does argue that the effect of the June 18 opening of the January 13 judgment was to leave the issues undetermined, thereby permitting the defendant to assert every right he might have asserted had he not been defaulted in the original proceedings. The June 18 judgment did not merely open the earlier judgment, however; it was itself a new judgment which confirmed the existence and amount of the debt. Cases such as *Ostroski* v. *Ostroski,* 135 Conn. 509, 510, 66 A.2d 599, cited by the defendant, are not on point because in those cases no new judgments were rendered when prior judgments were opened.

Since the June 18 judgment cannot be challenged in this appeal and must remain intact, the defendant cannot dispute the adjudication of the debt. His appeal must accordingly be denied.

There is no error.

In this opinion the other judges concurred.