JOHN E. COXE ET AL. *v.* SAMUEL H. COXE ET AL.
(2916)

DUPONT, BORDEN and SPALLONE, Js.

Argued June 5—decision released September 11, 1984

*Charles M. Tighe,* with whom, on the brief, was *Marianne B. Kilby,* for the appellant (plaintiff John Lohmann).

*James Sicilian,* with whom, on the brief, were *Richard M. Reynolds* and *Sharon S. Tisher,* for the appellee (defendant Ruth B. Coxe).

BORDEN, J. This is an action for partition of a parcel of real estate located on Sill Lane in Old Lyme, which consists of a working farm and undeveloped acreage

with substantial water frontage on the Lieutenant River and Mill Brook. The defendant Ruth B. Coxe, individually and as administratrix of the estate of her husband, Samuel H. Coxe, is the owner of a one-half interest in the property. The plaintiff John Lohmann is the owner of the other one-half interest in the property. During the course of this litigation, he acquired his interest from John and Joan Coxe, the brother and sister-in-law of Samuel H. Coxe, who were the original plaintiffs, and he was substituted as party plaintiff.

The property is comprised of approximately thirty-six acres of fields, woodlands and marsh. It contains one dwelling, a 200 year old historic homestead, which is located at the far easterly end of the property. The homestead is flanked to the north, west and south by three open fields. The remainder of the property beyond the open fields to the west is comprised of woodlands and wetlands.

The property has been owned by the defendant's family since 1924, when it was acquired by her mother-in-law, Helen Coxe. The defendant and her husband came to live on the property in 1968 and have been, since the death of Helen Coxe, its sole residents together with their two sons. The defendant presently resides on the property with her two sons. Ever since the defendant came to live on the property, it has been actively farmed for the subsistence and livelihood of the Coxe family. The farming activities include raising corn for sale and home consumption, the production of a variety of vegetables, fruits, berries, hay and honey, and raising chickens and other fowl. The farming activities are conducted on the three fields surrounding the homestead and in farm buildings appurtenant to it.

The defendant and her sons perform all the work of operating the farm. The farm is, and has been since the death of Samuel Coxe in 1981, the sole source of

income and livelihood to the family. The defendant has not been employed outside the home since her marriage. Even prior to Samuel Coxe's death, the farm figured as a principal source of the family's support because Samuel Coxe, an attorney admitted to the Connecticut bar, regarded himself as a farmer-lawyer and was dedicated in a major way to operation of the farm. The net income gained from sales of produce from the farm has not been substantial.

The plaintiff, who is sixty-three years old, is a licensed architect, although he is not presently in active practice. Most of his time over the last several years has been spent on conservation work. In addition to his interest in this property, he has acquired and currently owns thirty-five acres on the Connecticut River and has an interest in fifty acres on the Lieutenant River, both undeveloped and not the subject of any plans for development. He is not a developer and has no experience in real estate development. His intent with respect to the property is to keep it intact and to preserve it as is, so long as he is able to do so. He does not currently need to earn income from the property.

On May 2, 1980, when John and Joan Coxe were the plaintiffs, the court, after a hearing, rendered a judgment ordering partition by sale. The court subsequently ordered that the sale take place on August 2, 1980. On November 3, 1980, after an appeal by the defendant was dismissed for procedural defects, the court granted the plaintiff's motion to open the judgment of May 2, 1980, in order to change the sale date to May 23, 1981. On March 8, 1981, Samuel Coxe died and Ruth Coxe was substituted as party defendant in his place.[1]

On May 7, 1981, John and Joan Coxe sold their one-half interest in the property to Lohmann for $158,000 and he was later substituted as party plaintiff. At the

[1] Following Samuel Coxe's death, Ruth Coxe proceeded pro se. Her present counsel did not file their appearance on her behalf until July 22, 1982.

sale held on May 23, 1981, Lohmann, whose bid was the third highest, offered $560,000 for the entire parcel and the defendant offered a high bid of $570,500. The defendant paid the required deposit of $35,000, but failed to pay the balance of the purchase price by the August 20, 1981 deadline. On February 1, 1982, the court denied the defendant's motion to recover her $35,000 deposit and at the same time ordered that a new sale take place on May 1, 1982. On April 29, 1982, with the consent of the parties, the court ordered that the sale of May 1, 1982, not go forward. On May 27, 1982, the plaintiff moved to open the February 1, 1982 judgment and to set a new sale date. On June 10, 1982, the court granted the plaintiff's motion and ordered that the sale take place on July 10, 1982. At the July 10, 1982 sale, the plaintiff, who was the highest bidder, offered $400,000 for the entire parcel.

On July 28, 1982, the defendant filed a motion to open the judgment of June 10, 1982, and to substitute an order of partition by physical division. The court held an evidentiary hearing on the motion. On December 8, 1982, the court found that because there are only two competing interests, each owning a one-half aggregate interest, and because of the physical attributes of the property, the interests of the owners would be better promoted by physical division of the property than by a partition by sale. The court accordingly granted the defendant's motion to open the judgment of June 10, 1982, set aside the sale of July 10, 1982, and ordered that the property be partitioned by physical division in a manner which closely paralleled a proposal previously offered by the plaintiff. The court's order of partition by physical division gave to the defendant and her sons the homestead and farm buildings and the three adjoining fields, together with a water easement to Mill Brook for the continued operation of the farm. The plaintiff received the remainder of the woodlands, wetlands and water frontage, with a right of way to

Sill Lane. The plaintiff's appeal[2] is from the court's order opening the judgment of June 10, 1982.

The plaintiff first argues that the court did not have jurisdiction to open the judgment because the motion was not filed within four months of May 2, 1980, the date of the original judgment ordering a partition by sale. We agree with the defendant that the court had jurisdiction because the motion was filed within four months of the June 10, 1982 judgment, which for all purposes was substituted for any previous judgment.

General Statutes § 52-212a[3] and Practice Book § 326 state that a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. It is settled law in Connecticut that when a court opens a judgment of sale to change the sale date or otherwise modify the terms of sale, the modified judgment completely replaces the original judgment and becomes the only valid judgment in the case. *William G. Major Construction Co.* v. *DeMichely,* 166 Conn. 368, 374–75, 349 A.2d 827 (1974); *Union & New Haven Trust Co.* v. *Taft Realty Co.,* 123 Conn. 9, 15-16, 192 A. 268 (1937). The modified judgment is "in essence and substance a new judgment." Id., 16. Thus, each time the judgment is modified, "the case [stands] as though [the] judgment as originally entered had never been rendered." *Milford Trust Co.* v. *Greenberg,* 137 Conn. 277, 279, 77 A.2d 80 (1950); *State* v. *Phillips,* 166 Conn. 642, 645–46, 353 A.2d 706 (1974).

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[3] The full text of General Statutes § 52-212a provides as follows: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court." Practice Book § 326 uses almost identical language.

In the present case, the court's order of November 3, 1980, involved a modification of the judgment of May 2, 1980, by implication an opening of that judgment which it modified, and a complete substitution for its operative portions. The same can be said as to the effect of the February 1, 1982 judgment upon the judgment of November 3, 1980, and, likewise, the judgment of June 10, 1982, on the judgment of February 1, 1982. See *Milford Trust Co.* v. *Greenberg,* supra, 278–79. Thus, the only judgment in effect on July 28, 1982, when the defendant filed her motion to open, was the June 10, 1982 judgment. Accordingly, the motion was filed within the four month period of General Statutes § 52-212a and Practice Book § 326 and the court had jurisdiction to act on it.

The plaintiff next argues that the court erred in deciding to open the judgment of partition by sale because no new circumstances arose which warranted opening of the judgment. He maintains that the court neither discussed nor expressed any grounds upon which it was opening the judgment.

We first note that the plaintiff could have moved pursuant to Practice Book § 3082 to have the trial court clarify its decision by stating the grounds upon which it was opening the judgment. *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 149, 477 A.2d 678 (1984). In any event, our review of the entire record of the proceedings in the trial court indicates that there were sufficient grounds supporting the court's decision to open the judgment and order a partition by physical division. See *Ram Roofing & Sheet Metal Co.* v. *A.B.C. Plumbing & Heating, Inc.,* 2 Conn. App. 54, 57, 475 A.2d 341 (1984). The principal evidence in support of the court's May 2, 1980 judgment of a partition by sale was provided by John and Joan Coxe, the original plaintiffs, who testified that they resided in Pittsburgh, had no experience in land development, were not able to attend to developing the

land because of a recent disability of John Coxe's, and therefore preferred that the land be sold. By July 28, 1982, when the defendant moved to open the judgment there had been at least three material changes of circumstances: (1) Lohmann purchased John and Joan Coxe's interest in the property and was substituted as party plaintiff; (2) the defendant Samuel Coxe died, leaving the farming operation as the sole source of income for the defendant and her sons; and (3) there had been negotiations between the parties with respect to voluntary division of the property, which negotiations had been disclosed to the court on the record.

The first change eliminated the principal justification presented to the court for ordering partition by sale, namely, the unwillingness and incapability of John and Joan Coxe to undertake the development of a portion of the property and their desire that the land be sold. The second change, the death of Samuel Coxe, deprived the defendant and her sons of their only other source of economic support, making the continued operation of the farm that much more compelling. The third change, the fact that the parties came very close to a voluntary division of the property, implicitly refuted any evidence previously offered that physical division was impracticable or inequitable.

A timely motion to open and vacate a judgment is addressed to the court's discretion, and its action will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. *Grunschlag* v. *Ethel Walker School, Inc.*, 190 Conn. 679, 684, 462 A.2d 1 (1983).

Since a partition action is equitable in nature; General Statutes § 52-495; *Gaer Bros., Inc.* v. *Mott*, 147 Conn. 411, 415, 161 A.2d 782 (1960); it is not a clear abuse of discretion for the court, in the exercise of its equitable powers, to consider changes in circum-

stances predating the most recent judgment, when those changes were neither raised by the parties nor addressed by the court in the previous motions to open the judgment. We cannot say, in view of the evidence on the whole record, that there was a clear abuse of the trial court's discretion in opening the judgment.

The plaintiff finally argues that the court erred in ordering partition by physical division. We disagree.

It has long been the policy of this state to favor a partition in kind over a partition by sale. *Delfino* v. *Vealencis,* 181 Conn. 533, 536, 436 A.2d 27 (1980). A partition by sale should only be ordered when "(1) the physical attributes of the land are such that a partition in kind is impracticable or inequitable . . . and (2) the interests of the owners would better be promoted by a partition by sale." *Delfino* v. *Vealencis,* supra, 537–38. The burden is on the party requesting a partition by sale to demonstrate that such a sale would better promote the owner's interests. Id., 538.

The court in *Delfino* v. *Vealencis,* supra, under a factual setting similar to the present case, reversed the trial court's order of partition by sale and directed a judgment of partition by physical division, noting that "[t]he trial court failed to give due consideration to the fact that one of the tenants in common has been in actual and exclusive possession of a portion of the property for a substantial period of time; that the tenant has made her home on the property; and that she derives her livelihood from the operation of a business on this portion of the property, as her family before her has for many years." Id., 543. The court went on to state that "[a] partition by sale would force the defendant to surrender her home, and perhaps would jeopardize her livelihood," and that "[i]t is under just such circumstances, which include the demonstrated

practicability of a physical division of the property, that the wisdom of the law's preference for partition in kind is evident." Id.

In the present case, the evidence clearly established that the property has been owned by the defendant's family since 1924; that the defendant, her husband and her children had exclusive possession of the property since 1971 and that it served as their home; and that the defendant actively farmed a portion of the property for the subsistence and livelihood of her family. In addition, the court found that because there are only two competing ownership interests, each owning a one-half aggregate interest, and because of the physical attributes of the property, the interests of the owners would be better promoted by physical division of the property than by sale. Under these circumstances, it is clear that "the wisdom of the law's preference for partition in kind is evident"; id.; and the court did not err in ordering partition by physical division.

There is no error.

In this opinion the other judges concurred.